Argued February 11, affirmed February 24, petition for rehearing
denied April 26, 1960

## JENSEN v. IRVINE
349 P. 2d 670

*Norman L. Easley,* Portland argued the cause for appellant. On the brief were Seitz, Easley & Whipple, Portland.

*George L. Hibbard,* Oregon City, argued the cause for respondent. On the brief were Beattie, Hibbard, Jacobs & Caldwell and Harold Uney, Oregon City.

Before McAllister, Chief Justice, and Lusk, Sloan and Duncan, Justices.

LUSK, J.

This is an appeal by the defendant in an action for damages for personal injuries based on negligence in which the plaintiff recovered a judgment in the sum of $23,608.77.

The principal assignments of error are directed to the court's denial of defendant's motions for nonsuit and a directed verdict. These may be considered together, and along with them a motion of the defendant to strike certain testimony.

The accident occurred on the morning of December 16, 1955, in Portland, Oregon. The plaintiff, a woman 68 years of age, had for some time theretofore been

employed by the defendant and his wife to do household work for them about three days a week. On the days she worked for them, the defendant, a physician, would call for her in his automobile before going to work in the morning and drive her back to his home. This he did on the morning of the accident. The weather was cold and there was glare ice on the pavements. Because of the slippery condition, the defendant, when he arrived in front of his house with the plaintiff as his passenger, stopped his car about two feet from the curb. The plaintiff got out and started toward the house and had gone only a short distance when Mrs. Irvine, the defendant's wife, who was on the porch, called to her and asked her to "get $20 from the doctor." The plaintiff returned to the car, the defendant handed her the money, and the plaintiff, as she turned to go back to the house, fell and broke her hip.

The plaintiff alleged in her complaint that "as she was holding on to the side of the [automobile] for support, the Defendant, suddenly and without warning, started forward, and Plaintiff was caused to fall to the street, causing the injuries" and so forth. Specific acts of negligence charged were the following:

(1) "That defendant failed to keep a proper lookout for the plaintiff";

(2) "That the defendant prematurely started his car forward before the plaintiff was clear from the same."

There were other specifications of negligence in the complaint, but these were withdrawn by the court and need not be further noticed.

The evidence on behalf of the plaintiff tended to show that when she returned to the car in obedience

to Mrs. Irvine's request the right front door was open
and the motor running, that she reached into the car
to receive the money from the defendant, all the time
holding on to the handle of the door with her left
hand, and that the car started while she was leaning
against it, causing her to lose her balance and fall.
She further testified that the car door struck her. The
defendant did not see the plaintiff fall, and continued
on to his office. There is no dispute as to the plain-
tiff's injuries.

■ The defendant moved to strike the testimony that
the car door hit the plaintiff, on the ground that it
was not within the issues, but we think that the court
properly denied the motion. The complaint alleged,
as we have stated, that the plaintiff was holding on to
the side of the automobile for support, and that at
that time the defendant prematurely started his car
forward before the plaintiff was clear of it, and that
it was this negligence which proximately caused the
accident. There was no motion to make the complaint
more definite and certain, and the allegation was
broad enough in our opinion to admit evidence that
the plaintiff was struck by the door. The defendant
argues that it was physically impossible for the door
to have struck the plaintiff because it swung from the
front and the car went forward.

The argument assumes that the evidence conclu-
sively shows that the door was wide open and that
plaintiff was standing between it and the body of the
car. Even on that assumption, we are not prepared to
say that it was a physical impossibility for the door
to have struck her. But other evidence indicates that
she was standing on the outside of the door; in fact,
she testified that she "stepped back to close the door"
while she still had hold of the handle. If the car

started while the plaintiff was in that position her testimony that the door struck her was believable.

■ The defendant urges that the plaintiff is barred from recovery under the doctrine of assumption of risk. The court submitted that question to the jury and we think it sufficient to say that this is as much as the defendant was entitled to. *Celorie v. Roberts*, 202 Or 671, 683, 276 P2d 416.

■ The suggestion in defendant's brief that "the weather conditions constituted an intervening cause which insulated the defendant from liability" calls for no comment other than that in this, as in most negligence cases, the question of proximate cause was for the jury.

Much of the defendant's brief is devoted to an attack on the credibility of the plaintiff's testimony. There was strong evidence that the plaintiff fell merely because she slipped on the icy surface of the pavement, and that her claim that the defendant's automobile started while she was leaning against it or holding on to the handle of the door was an afterthought. But these and other conflicts in the evidence were matters to be resolved by the jury, not by the court. If the jury believed the plaintiff's version of the accident, they were warranted in finding that defendant's negligence was the cause of her injury. The motions for nonsuit and directed verdict were properly denied.

■ The defendant assigns error to the giving of the following instruction:

> "You are instructed that the driver of any vehicle upon a highway before starting, stopping, or turning from a direct line shall first see that such movement can be made in safety."

The instruction is in the language of the first sentence of ORS 483.126 (1). The remainder of the statute deals with signals required to be given by a motorist in varying circumstances. Based on these provisions, the defendant argues that it is "obviously a signal statute" and the instruction was therefore abstract and erroneous. We can not accept this limitation on the meaning and effect of the first sentence of the section. Entirely apart from the provisions regarding signals, it imposes a duty of reasonable care upon a motorist about to start his automobile to see that he can do so without causing injury to others. If there were no such statute, the duty would exist just the same, and the court in effect so informed the jury. One of the allegations of negligence was that "the defendant failed to keep a proper lookout for plaintiff." The instruction was not abstract, but was applicable under the issues and the evidence.

The case was fairly tried and submitted to the jury in a clear and accurate charge. We find no error, and the judgment is affirmed.